UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Keith Paul Bird, | Case No.: 2:20-cv-02093-JAD-NJK |
| Plaintiff | |
| v. | **Order Dismissing Complaints with Leave to File Second Amended Complaint by 9/27/21** |
| James Dzurenda, et al., | |
| Defendants | [ECF No. 6] |

Plaintiff Keith Paul Bird initiated this civil-rights action under 42 U.S.C. § 1983, alleging violations of his constitutional and state rights at High Desert State Prison ("HDSP").[1] Because it is unclear whether Bird is attempting to file multiple lawsuits within this one case,[2] I dismiss his two complaints and one amended complaint filed in this case without prejudice for Bird to file a second amended complaint by September 27, 2021, that clearly identifies all of the claims that Bird is pursuing in this case.

## I. The confusing state of the pleadings necessitates a reset.

On November 13, 2020, Bird initiated this action by submitting an incomplete application to proceed *in forma pauperis* and a complaint that appeared to have been previously filed in the Eighth Judicial District Court in Clark County, Nevada, and complains of events at HDSP on November 11, 2018.[3] On December 1, 2020, Bird filed a request for "judicial notice" and informed me that he had filed the exact same complaint in the Eighth Judicial District Court on

---

[1] ECF No. 1-1 (complaint).

[2] ECF No. 1-1, ECF No. 5-1 (complaint), and ECF No. 5-3 (first amended complaint).

[3] ECF No. 1-1 at 1.

August 27, 2019, at case number A-19-800958-C.[4]  Bird noted that the complaint docketed in federal court[5] was active in both the state district court and this court.[6]

That same day, Bird also filed an application to proceed *in forma pauperis*, a "complaint," a motion to amend, and a "first amended complaint."[7]  The complaint docketed at ECF No. 5-1 involved events at HDSP on September 18, 2018, and also appeared to have been previously filed in the Eighth Judicial District Court on June 19, 2019, at case number A-19-796-992-C.[8]  The motion to amend appeared to have been filed in state court on December 4, 2019, in state case number A-19-798011-C.[9]  Bird's first amended complaint seems to amend the complaint filed in state case number A-19-796-992-C and references events at HDSP on September 18, 2018.[10]  The first amended complaint appeared to have been previously filed in the Eighth Judicial District Court.[11]

It is unclear to me whether Bird is attempting to proceed on two different complaints in this case—one involving events that took place on September 18, 2018, and one involving events that took place on November 11, 2018.  A plaintiff is allowed only one active complaint in any civil action, so Bird will have to choose which complaint he seeks to proceed with in this case.  To eliminate the confusion created by the state of the pleadings here, I dismiss all versions of complaints in this case without prejudice for Bird to file a single, second amended complaint that

---

[4] ECF No. 4 at 1.
[5] ECF No. 1-1.
[6] *Id.* at 2.
[7] ECF Nos. 5, 5-1, 5-2, 5-3.
[8] ECF No. 5-1 at 1.
[9] ECF No. 5-2 at 1.
[10] ECF No. 5-3 at 1.
[11] *Id.*

clearly identifies which set of allegations (September 18, 2018, or November 11, 2018) he intends to pursue in this case. Bird may open a new lawsuit for the other date's events by submitting the other complaint and a new application to proceed *in forma pauperis* to the Clerk of the Court.

I further note that Bird is choosing to pursue identical litigation in both federal and state courts. Although it is "deeply rooted in our system" to permit "simultaneous litigation in state and federal court of overlapping and even identical cases," the inefficiencies produced by this rule "are mitigated by a number of abstention doctrines that permit, and often require, a federal court to abstain in favor of state court litigation."[12] So he may ultimately not be permitted to actively pursue his claims in both systems. And if I later decide that this case cannot proceed in federal court due to abstention or comity, Bird is hereby advised that he will still be required to pay the $350 filing fee for this federal case.[13]

## II.     Leave to amend

I give Bird leave to amend to file a single, second amended complaint that clearly identifies which set of allegations he is pursuing in this case. If Bird chooses to file a second amended complaint, he is advised that a second amended complaint replaces all prior complaints, so the second amended complaint must be complete in itself.[14] He must file the second amended

---

[12] *Noel v. Hall*, 341 F.3d 1148, 1159-60 (9th Cir. 2003) (holding "[t]hese federalism-based abstention and comity doctrines are complex and subtle, ensuring that a decision by a federal court to proceed, abstain, or stay in the face of parallel state court litigation will be made only after considering a number of case- and doctrine-specific factors").

[13] *See* 28 U.S.C. § 1915.

[14] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Second Amended Complaint." Bird must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights. **He must file the second amended complaint by September 27, 2021.**

If Bird chooses to submit a second amended complaint, he should take note of the following law regarding his state-law tort claims. To sue a state employee, a plaintiff must sue the State of Nevada or its appropriate political subdivision.[15] The State of Nevada has generally waived sovereign immunity for state tort actions in state court,[16] but not federal court. So, the State of Nevada and arms of the state generally cannot be sued in federal court.[17] For this reason, this court would be required to dismiss any state-law tort claims that Bird raises in federal court and direct him to raise his state-law tort claims in state court only.[18] If Bird decides after reading this order that he does not want to pursue this case claims in federal court, he should file a motion to voluntarily dismiss this action.

---

[15] Nev. Rev. Stat. §§ 41.031, 41.0337.

[16] Nev. Rev. Stat. § 41.031(1).

[17] *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . . The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states").

[18] *See Hirst v. Gertzen*, 676 F.2d 1252, 1264 (9th Cir. 1982) (holding that, where Montana law deemed governmental entities indispensable parties in a state tort claim against a county employee, the federal court had no supplemental jurisdiction over the state tort claim if it had no jurisdiction over the indispensable party).

### III. Motion for preliminary injunction

I deny the motion for preliminary injunction[19] as moot because Bird appears to have received all the required documentation for his *in forma pauperis* application that he sought by his motion.[20]

### Conclusion

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the two complaints and one amended complaint [ECF Nos. 1-1, 5-1, 5-3].

IT IS FURTHER ORDERED that the two complaints and one amended complaint [ECF Nos. 1-1, 5-1, 5-3] are dismissed in their entirety without prejudice. Bird is granted leave to file a second amended complaint that clearly sets forth the allegations and claims that Bird wishes to pursue in this lawsuit by September 27, 2021.

IT IS FURTHER ORDERED that the motion for preliminary injunction **[ECF No. 6] is DENIED** as moot.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** Bird the approved form for filing a § 1983 prisoner complaint, instructions for the same, and copies of the two complaints and one amended complaint [ECF Nos. 1-1, 5-1, 5-3]. If Bird chooses to file a second amended complaint, he must use the approved form and he shall write the words "Second

---

[19] ECF No. 6.

[20] *See* ECF Nos. 5, 7.

Amended" above the words "Civil Rights Complaint" in the caption. The second amended complaint will be screened in a separate screening order, and **the screening process will take many months**. If Bird does not file a second amended complaint by September 27, 2021, I will dismiss this case without prejudice and close it.

Dated: August 27, 2021

_____
U.S. District Judge